IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
      Petitioner, :
: CIVIL NO. 3:CV-14-1287
  v. :
: (Judge Conaboy)
WARDEN J. E. THOMAS, ET AL., :
:
      Respondents. :

FILED
SCRANTON

JUL 14 2014

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the latest in a series of filings by Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Brown has also filed an <u>in forma pauperis</u> application. <u>See</u> Doc. 2. Petitioner will be granted temporary leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this action. However, for the reasons set forth herein, Brown's habeas corpus petition will be dismissed without prejudice.

The only Respondents specifically identified in the Petition are USP-Lewisburg Warden Brian Bledsoe and Dave Bartlett who is described as being affiliated with a union,

AFSE 148.[1]

Brown is serving a 387-month term of incarceration which was imposed by the United States District Court for the Western District of Tennessee during March, 2008. Petitioner's pending action does not challenge the legality of either his underlying criminal conviction or sentence.[2] Rather, Brown alleges that he is entitled to federal habeas corpus relief because he has been subjected to unconstitutional conditions of confinement. Specifically, Petitioner asserts that while held at USP-Lewisburg he was assaulted and sexually abused by prison staff and that prison officials failed to protect him from abuse by other inmates. See Doc. 1, ¶ 6. Two incidents are specifically referenced in the petition, a sexual assault by prison staff in the shower area and a recreation area assault by a prisoner named Delior.

There is no discernible contention by Brown that the purported mistreatment by prison officials included a loss of good time credits or otherwise extended the length of his confinement. As relief, Brown seeks a transfer to a safer

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Warden Thomas is Petitioner's custodial official.

[2] Brown previously filed multiple unsuccessful § 2241 petitions in this district which challenged the legality of his conviction in the Western District of Tennessee.

2

correctional facility and asks that a proper investigation be conducted into his allegations.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

Based upon a review of the petition, Brown does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. The Petitioner is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather,

4

Petitioner alleges that he was sexually assaulted by USP-Lewisburg officials and that prison officials also failed to protect his safety.

There is no indication whatsoever by Brown that the alleged violations of his constitutional rights included a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Brown's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).[3]

Consequently, the petition will be denied as meritless without prejudice to any right Brown may have to reassert his present claims of constitutional misconduct by USP-Lewisburg officials in a properly filed civil rights complaint.[4] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ.

---

[3] It is noted that this Court recently dismissed a similar habeas action filed by petitioner. See Brown v. Thomas, Civil No. 3:CV-14-1093 (July 2, 2014)(Conaboy, J.)

[4] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Brown may file based upon the facts asserted herein.

5

A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 14th, 2014